IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| **DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT,**<br><br>Plaintiff,<br><br>v.<br><br>**ONE-FOURTH CONSULTING, LLC d/b/a JG CONSULTING,**<br><br>Defendant. | CASE NO. 4:25-cv-00430-RGE-HCA<br><br>**DEFENDANT ONE-FOURTH CONSULTING, LLC d/b/a JG CONSULTING'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

COMES NOW, Defendant, One-Fourth Consulting, LLC d/b/a JG Consulting ("JG Consulting" or "Defendant"), by and through the undersigned counsel, and submits its Answer, Affirmative Defenses, and Jury Demand.

## PARTIES

1. Plaintiff Des Moines Independent Community School District ("District") is a school district and political subdivision of the State of Iowa, organized under Iowa Code chapter 274, with its principal place of business located in Des Moines, Polk County, Iowa.

**ANSWER:** Admitted.

2. Defendant One-Fourth Consulting, LLC d/b/a JG Consulting ("JG Consulting") is a Texas limited liability company with its principal place of business in Georgetown, Texas.

**ANSWER:** Admitted.

## VENUE

3. Venue is proper in Polk County pursuant to the parties' contractual forum selection clause and as the county where the contract was to be performed. *See* Iowa Code § 616.7.

**ANSWER:** **Admitted.**

## JURISDICTION

4. The amount in controversy exceeds the jurisdiction limits of small claims court.

**ANSWER:** **Admitted.**

## FACTS

5. In February 2022, the District's then-superintendent announced his intent to resign effective June 30, 2022.

**ANSWER:** **Admitted that the District's then-superintendent announced his intent to resign effective June 30, 2022. JG Consulting is without sufficient knowledge to admit or deny when the then-superintendent announced his intent to resign.**

6. The District retained JG Consulting to assist in the search for a new superintendent.

**ANSWER:** **Admitted that JG Consulting and the District entered into the *Des Moines Public Schools Executive Search Agreement* dated December 16, 2022 ("Agreement").**

7. JG Consulting held itself out to be an "experienced and reputable search organization."

**ANSWER:** **JG Consulting admits that the Agreement states that the District "is seeking to retain the services of an experienced and reputable search organization to assist in the executive search if a SUPERINTENDENT OF SCHOOLS."**

8. The District and JG Consulting entered into an Executive Search Agreement ("Agreement") setting forth the services JG Consulting would perform.

**ANSWER:** **Admitted.**

9. JG Consulting's contractual obligations included, among other things, advertising the position; recruiting, reviewing applications and resumes; conducting public domain searches; performing comprehensive reference checks; and presenting qualified candidates to the District.

**ANSWER:** **JG Consulting admits that Section 2 of the Agreement states, among other things, that "JG CONSULTING's duties include advertising, search, recruitment, application and resume review, public domain search, complete reference checks and**

**presentation of qualified candidates according to the needs as stated by the CLIENT as outlined by CLIENT's descriptions of same."**

10. JG Consulting expressly agreed to disclose to the District all known information of a positive or negative nature regarding any candidate.

**ANSWER:   JG Consulting admits that Section 5 of the Agreement provides, among other things, as follows: "JG CONSULTING agrees it shall disclose to the CLIENT all known information of a positive or negative nature regarding candidates for the Superintendent position."**

11. JG Consulting further agreed to exercise due diligence in conducting comprehensive reference calls and to arrange for comprehensive criminal, credit, and background checks.

**ANSWER:   JG Consulting admits that Section 5 of the Agreement provides, among other things, the following: "With respect to the group of applicants selected for an interview by the Board, JG CONSULTING agrees it shall, in good faith and with due diligence, conduct comprehensive reference calls on each applicant to include the verification of all related employment experiences. In addition, JG CONSULTING will arrange for comprehensive criminal, credit, and background checks to be conducted by a third party. JG CONSULTING shall provide comprehensive written profiles, as described in Exhibit A, to Client on each of the finalists to the Board following the interviews of each candidate."**

12. JG Consulting also agreed not to refer any candidate unless JG Consulting reasonably believed the candidate could lawfully and satisfactorily perform the position and that the candidate's application materials were true and complete.

**ANSWER:   JG Consulting admits that the Agreement provides, among other things, the following: "JG CONSULTING agrees not to refer any candidate for the Superintendent position to the Board unless JG CONSULTING reasonably believes that the candidate can lawfully satisfactorily perform the position and that the information contained in the candidate's application materials is true and complete."**

13. The District relied on JG Consulting to present only vetted, suitable candidates for the superintendent position.

**ANSWER:   JG Consulting is without knowledge of what the District relied upon. Therefore, this allegation is denied.**

14. JG Consulting presented Ian Andre Roberts ("Roberts") as a candidate.

**ANSWER:** **Admitted that JG Consulting presented a number of potential candidates to the District, one of whom was Ian Roberts, and that the District selected and hired Roberts.**

15. In May 2023, the District hired Roberts as its fifteenth superintendent at a base salary of $270,000.

**ANSWER:** **Admitted.**

16. On September 26, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested Roberts, identifying him as a criminal illegal alien from Guyana.

**ANSWER:** **Admitted.**

17. ICE reported that Roberts entered the United States in 1999 on a student visa, was issued a final order of removal in May 2024, and fled from law enforcement during a targeted enforcement action. Upon his capture, Roberts was in possession of a loaded handgun, $3,000 in cash, and a fixed-blade hunting knife.

**ANSWER:** **Admitted.**

18. On September 28, 2025, the Iowa Board of Educational Examiners revoked Roberts' administrator's license for lack of legal status in the United States.

**ANSWER:** **Admitted.**

19. On September 29, 2025, the District placed Roberts on unpaid administrative leave.

**ANSWER:** **Admitted.**

20. On September 30, 2025, Roberts submitted his letter of resignation, which the District accepted.

**ANSWER:** **Admitted.**

21. Since his arrest, there have been multiple reports casting doubt on the truthfulness of Roberts' stated biographical and professional background.

**ANSWER:** Admitted.

## COUNT I – BREACH OF CONTRACT

22. The District incorporates by reference all preceding paragraphs.

**ANSWER:** **Admitted, and JG Consulting incorporates its answers to paragraphs 1 through 21.**

23. The District and JG Consulting entered into a valid, written Agreement for JG Consulting to provide executive search services in connection with the superintendent hire.

**ANSWER:** **Admitted that the parties' entered into the Agreement. The terms of the Agreement speak for themselves.**

24. The District performed its obligations under the Agreement.

**ANSWER:** **Denied because, among other things, the District failed to comply with the legal requirements to verify Roberts' immigration status and work authorization status. Section 12 of the Agreement requires the District to comply with all state and federal laws, and the District failed to so do when it selected and hired Roberts but failed to confirm his immigration status or work authority status (which only the District, not JG Consulting, could do as Robert's direct employer).**

25. JG Consulting materially breached the Agreement by, among other things, failing to properly vet Roberts and by referring Roberts as a candidate when he could not lawfully hold the position.

**ANSWER:** **Denied. The District had the legal duty and obligation to verify Roberts' immigration status and work authorization as his employer, and it apparently failed to do so. JG Consulting legally could not, as the non-hiring entity, confirm Roberts' immigration or work-authorization status. That is the legal duty and obligation of the employer, Des Moines Independent Community School District. Further, JG Consulting did engage a third-party company to conduct a background check on Roberts, which was shared with the District before it decided to employ him, which showed that Roberts had a criminal case from 2021 for the unlawful presence of a loaded firearm in a vehicle. JG Consulting also disclosed to the District before it hired Roberts that he had not obtained a PhD. degree from Morgan State University. Despite these disclosures, the District decided to hire Roberts as its superintendent.**

26. As a result of JG Consulting's breaches, the District has sustained damages, including but not limited to the costs of employing, compensating, and now replacing Roberts, as

well as reputational harm.

**ANSWER:   Denied.**

WHEREFORE, the District requests judgment against JG Consulting for damages in an amount to be determined at trial, together with pre- and post-judgment interest, costs, and such further relief as the Court deems just and proper.

## COUNT II – NEGLIGENT MISREPRESENTATION

27. The District incorporates by reference all preceding paragraphs.

**ANSWER:   Admitted, and JG Consulting incorporates its answers to paragraphs 1 through 26.**

28. JG Consulting is in the business of supplying information for the guidance of others in their business transactions.

**ANSWER:   JG Consulting is a consulting business.  In this matter, the District retained JG Consulting to conduct "advertising, search, recruitment, application and resume review, public domain search, complete reference checks and presentation of qualified candidates according to the needs as stated by the CLIENT as outlined by CLIENT's descriptions of same."  To the extent this paragraph implies otherwise, it is denied.**

29. JG Consulting owed the District a duty to exercise reasonable care in supplying accurate information regarding candidates for the superintendent position.

**ANSWER:   JG Consulting has the obligation to comply with the Agreement, which it did.  This allegation calls for a legal conclusion to be addressed by the Court.  To the extent factual allegations are made, they are denied.**

30. JG Consulting represented to the District that Roberts was a suitable candidate for the position.

**ANSWER:   JG Consulting presented Roberts, among others, as potential candidates.  The District interviewed and selected Roberts.  JG Consulting also disclosed to the District before it hired Roberts that Roberts had a criminal case from 2021 for the unlawful presence of a loaded firearm in a vehicle.  JG Consulting also disclosed to the District before it hired Roberts that he had not obtained a PhD. degree from Morgan State University.  Despite these disclosures, the District decided to hire Roberts as superintendent.**

31. That representation was false.

**ANSWER: Denied. JG Consulting made no false representations to the District. JG Consulting disclosed to the District that Roberts had a criminal history and he had not obtained a PhD. degree from Morgan State University. The District decided to hire him anyway. The District had the legal obligation to confirm Roberts' immigration status and work authorization status, not JG Consulting. The District failed in this regard.**

32. JG Consulting was negligent in failing to exercise reasonable care in gathering, verifying, and supplying information about Roberts.

**ANSWER: Denied. JG Consulting has the obligation to comply with the Agreement, which it did. This allegation calls for a legal conclusion to be addressed by the Court. To the extent factual allegations are made, they are denied.**

33. JG Consulting's negligence was the proximate cause of damages to the District.

**ANSWER: Denied. JG Consulting has the obligation to comply with the Agreement, which it did. This allegation calls for a legal conclusion to be addressed by the Court. To the extent factual allegations are made, they are denied.**

WHEREFORE, the District requests judgment against JG Consulting for damages in an amount to be determined at trial, together with pre- and post-judgment interest, costs, and such further relief as the Court deems just and proper.

## COUNT III – NEGLIGENCE

34. The District incorporates by reference all preceding paragraphs.

**ANSWER: Admitted, and JG Consulting incorporates its answers to paragraphs 1 through 33.**

35. JG Consulting is in the business of providing professional executive search services, including candidate recruitment, vetting, and background investigations.

**ANSWER: JG Consulting is a consulting business. In this matter, the District retained JG Consulting to conduct "advertising, search, recruitment, application and resume review, public domain search, complete reference checks and presentation of qualified candidates according to the needs as stated by the CLIENT as outlined by CLIENT's descriptions of same." To the extent this paragraph implies otherwise, it is denied.**

36. In performing those services for the District, JG Consulting owed the District a duty to exercise reasonable care consistent with the standards of its profession.

7

**ANSWER: JG Consulting has the obligation to comply with the Agreement, which it did. This allegation calls for a legal conclusion to be addressed by the Court. To the extent factual allegations are made, they are denied.**

37. JG Consulting breached that duty by, among other things, failing to conduct or arrange for comprehensive criminal, credit, and background checks on Roberts; failing to conduct adequate reference checks; failing to verify Roberts' legal eligibility to hold the superintendent position; and otherwise failing to exercise reasonable diligence in the vetting process.

**ANSWER: Deny. The District had the legal duty and obligation to verify Roberts' immigration status and work authorization as his employer, and it apparently failed to do so. JG Consulting could not, as the non-hiring entity, confirm Roberts' immigration status. That is the legal obligation of the employer, Des Moines Independent Community School District. Further, JG Consulting did engage a third-party to conduct a background check on Roberts, which was shared with the District before it decided to employ Roberts, which showed that Roberts had a criminal case from 2021 for the unlawful presence of a loaded firearm in a vehicle and that Roberts had not obtained a PhD. degree from Morgan State University.**

38. JG Consulting's negligence was the proximate cause of damages to the District.

**ANSWER: Denied. JG Consulting has the obligation to comply with the Agreement, which it did. This allegation calls for a legal conclusion to be addressed by the Court. To the extent factual allegations are made, they are denied.**

WHEREFORE, the District requests judgment against Defendant JG Consulting for damages in an amount to be determined at trial, together with pre- and post-judgment interest, costs, and such further relief as the Court deems just and proper.

## COUNT IV – INDEMNIFICATION

39. The District incorporates by reference all preceding paragraphs.

**ANSWER: Admitted, and JG Consulting incorporates its answers to paragraphs 1 through 38.**

40. The Agreement provides that JG Consulting will indemnify the District for any and all losses suffered as a result of JG Consulting's errors and omissions.

**ANSWER: JG Consulting admits that Section 8 of the Agreement provides as follows: "JG CONSULTING shall defend, indemnify and hold harmless CLIENT and any associated Board members, officers, employees or its agents or representatives, against any and all claims, actions, liabilities and losses, including attorney's fees and costs, by whomever asserted, of acts, errors, or omissions on the part of officers, employees, agents, consultants or contractors arising out or related to of any activities in the performance of this Agreement. Each party shall be given sufficient notice to enable it to participate and conduct an appropriate defense to any claims made." To the extent any additional allegations or inferences are made, they are denied.**

41. JG Consulting's breaches and failures, as described above, constitute errors and omissions within the meaning of the Agreement.

**ANSWER:    Denied.**

42. As a result, the District is entitled to indemnification from JG Consulting for all losses incurred, including compensation paid to Roberts, costs associated with his removal and replacement, reputational harm, and the District's attorney's fees and expenses.

**ANSWER:    Denied.**

WHEREFORE, the District requests judgment against Defendant JG Consulting for damages in an amount to be determined at trial, together with pre- and post-judgment interest, costs, and such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. <u>Economic-Loss Doctrine</u>.  The District's tort claims are barred by the existence of the parties' Agreement.

2. <u>Comparative Fault.</u>  The District is, at minimum, contributorily negligent or at fault, such that its negligence or fault bars the District from any recovery or reduces any recovery proportionately in accordance with Iowa Code Chapter 668.  For instance, the District hired Roberts and failed to verify his immigration status or work authorization status, which only the District could do as the hiring entity.  In addition, the District selected Roberts as its

9

superintendent with knowledge before it hired him that he had a criminal case from 2021 for the unlawful presence of a loaded firearm in a vehicle and that Roberts had not obtained a PhD. degree from Morgan State University. The District cannot shift blame for its failures and oversights because it knew of Roberts' criminal issues and resume problems but still decided to hire him. And when the District hired him, the District apparently failed to confirm his immigration status or work authorization status.

       3.    <u>Set Off.</u>  To the extent the District has been compensated for the alleged damages by receiving payment from other persons or entities the amount of any such compensation should be set off against any recovery the District may receive in this action. In addition, the District's attempts to shift blame to JG Consulting for the District's hiring and employment shortcomings and its failure to verify the immigration or work authorization status of Roberts (which only the District could do as the hiring entity) has caused (and continues to cause) significant damages to JG Consulting, which should be offset from any damages allegedly incurred by the District.

       4.    <u>Sole Proximate Cause.</u>  The fault of the District, or other persons, and for whose acts or omissions JG Consulting is in no way liable, or other natural conditions, may have been the sole proximate cause of the District's alleged damages and injuries, in which case the District is not entitled to recover from JG Consulting.

       5.    <u>Failure to Mitigate.</u>  To the extent the District has failed to properly mitigate any damages incurred, JG Consulting is not liable for the same.

       6.    <u>Pro Tanto Credit Rule</u>.  To the extent the District has made recovery from other sources, any damages obtained in this lawsuit ought to be offset by that amount in order to prevent double recovery.

## JURY DEMAND

COMES NOW, JG Consulting LLC, and hereby requests a trial by jury of all issues triable.

**Certificate of Service**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on November 6, 2025, by CM/EFC.

/s/ *Joshua A. Romero*

Copy to
Jason M. Craig
AHLERS & COONEY, PC
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
jcraig@ahlerslaw.com
ATTORNEY FOR PLAINTIFF

GREFE & SIDNEY, P.L.C.

By: /s/ *Mark W. Thomas*
Mark W. Thomas, AT0007832

By: /s/ *Benjamin T. Erickson*
Benjamin T. Erickson, AT0012927

500 E. Court Ave., Ste. 200 Des Moines, IA 50309 Phone: 515/245-4300
Fax: 515/245-4452
mthomas@grefesidney.com
berickson@grefesidney.com

JACKSON WALKER, LLP

By: /s/ *Joshua A. Romero*\*
Joshua A. Romero
Texas Bar No. 24046754

By: /s/ *Sean F. Gallagher*\*
Sean F. Gallagher
Texas Bar No. 24101781

100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: (512) 236-2000
Fax: (512) 236-2002
jromero@jw.com
sgallagher@jw.com
\*Pro Hac Vice applications pending

ATTORNEYS FOR DEFENDANT