**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT,<br><br>   Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ONE-FOURTH CONSULTING, LLC d/b/a JG CONSULTING,<br><br>   Defendant/Counterclaim Plaintiff. | CASE NO. 4:25-cv-0430-RGE-HCA |
| ONE-FOURTH CONSULTING, LLC d/b/a JG CONSULTING,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>BAKER-EUBANKS, INC.,<br><br>   Third-Party Defendant. | **REPLY MEMORANDUM OF LAW IN SUPPORT OF THE FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS OR, IN THE ALTERNATIVE, FED. R. CIV. P. 12(e) MOTION FOR MORE DEFINITE STATEMENT AND THE FED. R. CIV. P. 12(f) MOTION TO STRIKE BY THIRD-PARTY DEFENDANT BAKER-EUBANKS, <u>INC.</u>** |

COMES NOW Third-Party Defendant Baker-Eubanks, **Inc.** ("BEI") which submits this Reply Memorandum in support of its (i) Fed. R. Civ. P. 12(b)(6) Motion to Dismiss or, in the alternative, Fed. R. Civ. P. 12(e) Motion for More Definite Statement of the Amended Third-Party Complaint ("Amended TPC") brought by Third-Party Plaintiff One-Fourth Consulting, LLC d/b/a JG Consulting ("JG Consulting"), and (ii) Fed. R. Civ. P. 12(f) Motion to Strike certain allegations in the Amended TPC.

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

THE AMENDED TPC FAILS THE PLEADING STANDARD.................................................... 1

ARGUMENT ................................................................................................................................. 2

    A.   JG Consulting's Claim for Contribution Must Be Dismissed Because It Does Not Plausibly Allege Common Liability. ......................................................................................... 2

    B.   JG Consulting's Negligence Claim Must Be Dismissed Because JG Consulting Only Alleges Economic Harm. .......................................................................................................... 3

    C.   JG Consulting's Breach Of Contract Claim Must Be Dismissed Because It Is Not Plausible That BEI Breached The BEI Contract.......................................................................... 4

    D.   JG Consulting's Implied Covenant Claim Is Not Recognized Under North Carolina Law, and therefore, Must Be Dismissed. ........................................................................................... 5

CONCLUSION............................................................................................................................... 5

**TABLE OF AUTHORITIES**

**Federal Cases**

*Apel v. T-Mobile USA, Inc.*,
  No. 3:24-cv-00098-RGE-WPK, 2025 WL 2222737 (S.D. Iowa July 30, 2025)......................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................................2, 3

*BVS, Inc. v. CDW Direct, LLC*,
  88 F. Supp. 3d 948 (N.D. Iowa 2015)......................................................................................3

*Edwards v. City of Florissant*,
  58 F.4th 372 (8th Cir. 2023) ....................................................................................................2

*Grandstaff v. Hiner Equipment, L.L.C.*,
  96 F. Supp. 3d 919 (2015) .......................................................................................................3

*Hilson v. Waukee Cmty. Sch. Dist.*,
  669 F. Supp. 3d 760 (S.D. Iowa 2023) ....................................................................................2

*Lindt & Sprungli, Inc. v. GXO Warehouse Co., Inc.*,
   No. 22-00384-CV-W-BP, 2024 WL 885376 (W.D. Mo. Feb. 6, 2024) ...................................4

*McDonnell v. Hesco Bastion, Inc.*,
  781 F. Supp. 3d 745 (S.D. Iowa 2025) ....................................................................................2

*Northern States Power Co. v. Federal Transit Admin.*,
  358 F.3d 1050 (8th Cir. 2004) .................................................................................................1

*Seneca Companies, Inc. v. D&H United Fueling Solutions, Inc.*,
  767 F. Supp. 3d 860 (S.D. Iowa 2024) ....................................................................................2

*United States v. Sledge*,
  108 F.4th 659 (8th Cir. 2024) ..................................................................................................3

*VRX USA, LLC v. VRX Ventures, Ltd.*,
  No. 3:20CV409-GCM, 2020 WL 7229672 (W.D.N.C. Dec. 8, 2020) ....................................4

*Wells Fargo Bank, N.A. v. Windows USA, LLC*,
  484 F. Supp. 3d 645 (S.D. Iowa 2020) ....................................................................................3

*Zean v. Fairview Health Servs.*,
  858 F.3d 520 (8th Cir. 2017) ...................................................................................................5

iii

**State Cases**

*Annett Holdings, Inc. v. Kum & Go, L.C.*,
    801 N.W.2d 499 (Iowa 2011) ...................................................................................4

*Cordaro v. Harrington Bank, FSB*,
    817 S.E.2d 247 (N.C. Ct. App. 2018) .......................................................................5

*Gerdts v. Donan Engineering Co., Inc.*,
    No. 22-1861, 2024 WL 257009 (Iowa Ct. App. Jan. 24, 2024) ................................4

*McDonald v. Delhi Sav. Bank*,
    440 N.W.2d 839 (Iowa 1989) ................................................................................2, 3

**Statutes**

Iowa Code § 668.5 ..........................................................................................................2, 3

**Court Rules**

Fed. R. Civ. P. 15(a)(1)......................................................................................................5

**INTRODUCTION**

JG Consulting[1] engaged BEI to perform a limited Background Screening Report on Ian Andre Roberts for a *nominal* monetary amount. ECF No. 56–4; ECF No. 56 at p.3, n. 9.[2] BEI's duties are defined by the March 21, 2023, Employee Screening Master Service Agreement ("MSA") and the Due Diligence for Executive Screening and Assessment ("Assessment Terms"), which together form the BEI Contract. ECF Nos. 56–1, 56–2. The BEI Contract is governed by North Carolina law. ECF No. 56–1, at ¶ 11(D).

The Amended TPC fails because it does not provide BEI with notice of JG Consulting's claims against BEI. The Amended TPC: (i) vaguely invokes three agreements,[3] one of which is irrelevant here; (ii) fails to provide notice of the specific contract at issue; (iii) relies on fictionalized obligations not in the BEI Contract; (iv) fails to identify the specific BEI Contract provisions that BEI allegedly breached; and (v) fails to inform BEI of "certain information" BEI allegedly failed to uncover pursuant to the terms of the BEI Contract.

BEI performed all of its obligations under the BEI Contract. The Amended TPC fails to plausibly plead a cause of action against BEI and must be dismissed with prejudice.

**THE AMENDED TPC FAILS THE PLEADING STANDARD**

"The essential function of a pleading is to give the opposing party fair notice of the nature and basis or grounds for a claim . . . ." *Northern States Power Co. v. Federal Transit Admin.*, 358

---

[1]    On December 16, 2022, Plaintiff Des Moines Independent Community School District (the "School Board") and JG Consulting entered into a contract pursuant to which JG Consulting was to provide certain services to the School Board ("JG Consulting/School Board Contract"). ECF No. 56–5. Under the JG Consulting/School Board Contract, JG Consulting was to assist the School Board in the recruitment, search, and vetting of School Board superintendent candidates. *Id*. **BEI was not a party to the JG Consulting/School Board Contract**. *Id*.

[2]    BEI references the Court file docket for the Exhibits filed with its Motion.

[3]    JG Consulting alleges its relationship with BEI is governed by three instruments: (i) a 2015 Letter of Agreement between Baker-Eubanks, **LLC** and JG Consulting; (ii) the MSA; and (iii) the Assessment Terms. ECF No. 37, at ¶ 12. BEI is not a party to the 2015 Letter of Agreement. *See* ECF No. 56–3. Moreover, BEI is not an LLC; it is a corporation. BEI is also puzzled because JG Consulting stated that it would strike the allegations that refer to Baker-Eubanks, LLC. *See* ECF No. 55–9. Now, JG Consulting states that it will not. ECF No. 63, at pp. 1,13. Perhaps JG Consulting will advise the Court and BEI of its position during the hearing.

F.3d 1050, 1056 (8th Cir. 2004); *accord Seneca Companies, Inc. v. D&H United Fueling Solutions, Inc.*, 767 F. Supp. 3d 860, 864 (S.D. Iowa 2024). The Amended TPC fails to satisfy this basic pleading requirement by not informing the Court and the parties, *inter alia*, which instruments between BEI and JG Consulting are at issue, the provisions of the BEI Contract (MSA and Assessment Terms) BEI allegedly breached, and the specific information BEI allegedly failed to uncover.

Although the pleading standard is liberal, it is *not* without limits. A complaint must allege sufficient factual detail to state a facially **plausible** claim.[4] JG Consulting wrongly concludes in its Resistance (ECF No. 63) that a mere recitation of elements suffice. It does not.[5] The Amended TPC fails basic pleading standards and must be dismissed in its entirety, with prejudice.

## **ARGUMENT**

A.    JG Consulting's Claim for Contribution Must Be Dismissed Because It Does Not Plausibly Allege Common Liability.

In Count 1, JG Consulting claims that, pursuant to Iowa Code § 668.5, BEI has a duty to contribute to any loss suffered by the School Board as a result of JG Consulting's breach of the JG Consulting/School Board Contract. ECF No. 37, at ¶¶ 13–15, 20. JG Consulting is wrong. For BEI to have a contribution duty, there must be common liability between BEI and JG Consulting to the School Board. There is none since BEI is not a party to the JG Consulting/School Board Contract.

The Iowa Supreme Court teaches that without common liability, Iowa Code § 668.5 does not provide a basis for contribution. *See McDonald v. Delhi Sav. Bank*, 440 N.W.2d 839, 841 (Iowa 1989). "Common liability" *only* exists where each party is legally responsible for the same wrong such that the injured party (here, the School Board) could maintain an action against one or the other party. *Id.*

---

[4]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *accord McDonnell v. Hesco Bastion, Inc.*, 781 F. Supp. 3d 745, 750–51 (S.D. Iowa 2025).
[5]    *See, e.g.*, *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Hilson v. Waukee Cmty. Sch. Dist.*, 669 F. Supp. 3d 760, 766 (S.D. Iowa 2023) ("[n]aked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice).

The School Board has no cause of action against BEI because it does not have a contract or relationship with BEI. *See BVS, Inc. v. CDW Direct, LLC*, 88 F. Supp. 3d 948, 962 (N.D. Iowa 2015). Accordingly, JG Consulting has no claim for contribution because there is not common liability between BEI and JG Consulting to the School Board.[6] Since **common liability** is the *sine qua non* of a contribution claim, the inquiry ends.[7] JG Consulting's contribution claim must be dismissed with prejudice.

> B.   JG Consulting's Negligence Claim Must Be Dismissed Because JG Consulting Only Alleges Economic Harm.

The Amended TPC is a formulaic recitation of the negligence "buzzwords": (i) duty; (ii) breach; (iii) causation; and (iv) damages. However, JG Consulting fails to heed its own standard: a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" ECF No. 63, at p. 4; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

JG Consulting's conclusory assertion that its negligence claim is not precluded by the existence of a contract is false. JG Consulting's negligence claim only alleges duties that arise out of the BEI Contract. Consequently, no independent tort claim lies. *Wells Fargo Bank, N.A. v. Windows USA, LLC*, 484 F. Supp. 3d 645, 657 (S.D. Iowa 2020) ("if the sole source of the grievance is the parties' contract," a tort claim is barred as a matter of law).

JG Consulting's negligence claim also fails because the Amended TPC alleges only **economic harm** arising from BEI's alleged breach of duties under the BEI Contract.[8] The Iowa

---

[6]   JG Consulting relies on its threadbare allegations and suggests that Iowa Code § 668.5 allows pleading alternative theories of recovery. BEI does not argue that JG Consulting cannot plead alternative theories of recovery. JG Consulting's contribution claim fails to state a cause of action because there is no common liability shared by BEI and JG Consulting to the School Board.

[7]   JG Consulting's claim that BEI's cited authority is inapplicable to JG Consulting's contribution claim is false. ECF No. 63, at p. 10. *Grandstaff v. Hiner Equipment, L.L.C.* sets out the governing standard contribution claim under Iowa Code § 668.5. 96 F. Supp. 3d 919 (2015). Citing controlling legal standards is expected. *United States v. Sledge*, 108 F.4th 659, 666 (8th Cir. 2024).

[8]   JG Consulting cites *Lindt & Sprungli, Inc. v. GXO Warehouse Co., Inc.,* No. 22-00384-CV-W-BP, 2024 WL 885376, at *6 (W.D. Mo. Feb. 6, 2024) for this contention. ECF No. 63, at p. 11. This is wrong. *Lindt* **applies California law, not Iowa law**, and which California law

Supreme instructs that a negligence claim cannot stand if the claim, as here, is based on an economic loss. *Annett Holdings, Inc. v. Kum & Go, L.C.*, 801 N.W.2d 499, 503 (Iowa 2011); *accord Apel v. T-Mobile USA, Inc.*, No. 3:24-cv-00098-RGE-WPK, 2025 WL 2222737, at *4 (S.D. Iowa July 30, 2025) (plaintiff failed to plead a plausible claim for negligence since its alleged damages were purely economic). The Amended TPC contains only formulaic recitals of negligence elements and seeks relief barred by the economic loss doctrine. Count 2 must be dismissed with prejudice.

C.       JG Consulting's Breach Of Contract Claim Must Be Dismissed Because It Is Not Plausible That BEI Breached The BEI Contract.

The Amended TPC fails to provide notice to BEI of the operative agreements at issue and does not identify the specific BEI Contract provisions allegedly breached by BEI. This is fatal under North Carolina law.[9]

Without plausible factual support, the Amended TPC relies on a conclusory allegation that BEI breached the BEI Contract "by failing to perform the agreed upon background checks, verifications and other consumer reports on candidate Ian Roberts." ECF No. 37, ¶ 31. But . . . the Amended TPC fails to provide BEI notice which specific background checks or verifications that BEI allegedly failed to perform or the "other" consumer reports that BEI failed to provide.

JG Consulting cannot identify any breaches by BEI of the BEI Contract because BEI conducted every background check, verification, and consumer report required under the BEI Contract. *See* ECF Nos. 56–2, 56–4; ECF No. 56, at p. 7.[10] Because it is not plausible that BEI

---

contravenes Iowa precedent. *See Gerdts v. Donan Engineering Co., Inc.*, No. 22-1861, 2024 WL 257009, at *4 (Iowa Ct. App. Jan. 24, 2024).

[9]       *VRX USA, LLC v. VRX Ventures, Ltd.*, No. 3:20CV409-GCM, 2020 WL 7229672, at *6 (W.D.N.C. Dec. 8, 2020) (to state a breach of contract claim, plaintiff must allege, *inter alia*, the **specific provisions** breached). JG Consulting does not meet this test.

[10]       JG Consulting argues the exhibits attached to BEI's Motion exceed what may be considered at the pre-answer stage. Since at least 1998, courts in this Circuit have considered materials "necessarily embraced" by the pleadings, including referenced documents, public records, and integral contracts. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). BEI's Exhibits fall within these permissible materials. Alternatively, the Court may treat the Motion as a Fed. R. Civ. P. 56 Motion.

breached the BEI Contract and there are no allegations of breach, Count 3 must be dismissed with prejudice.

D.  JG Consulting's Implied Covenant Claim Is Not Recognized Under North Carolina Law, and therefore, Must Be Dismissed.

JG Consulting's claim for breach of an implied covenant of good faith and fair dealing arises out of the exact same acts it alleges under its breach of contract claim. *Compare* ECF No. 37, at ¶¶ 30–33 with ECF No. 37, at ¶ 38. The North Carolina Court of Appeals teaches that when "a party's claim for breach of the implied covenant of good faith and fair dealing is based upon the same acts as its claim for breach of contract, the former claim as 'part and parcel' of the latter." *Cordaro v. Harrington Bank, FSB*, 817 S.E.2d 247, 256 (N.C. Ct. App. 2018).

In other words, JG Consulting's breach of contract and implied covenant claim merge into a single cause of action. If the breach of contract claim fails, the implied covenant claim must also fail. The implied covenant claim fails because JG Consulting does not plausibly allege a breach of contract claim. Count 4 under the Amended TPC must be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Baker-Eubanks, **Inc.** prays that this Court enter an Order and Judgment pursuant to Fed. R. Civ. P. 12(b)(6) dismissing, *with prejudice*, the Amended Third-Party Complaint filed against Baker-Eubanks, **Inc.** In the alternative, should the Court grant the Third-Party Plaintiff leave to file a Second Amended Third-Party Complaint, the Court order the Third-Party Plaintiff to strike references to the 2015 Letter of Agreement between One-Fourth Consulting, LLC d/b/a JG Consulting and Baker-Eubanks, **LLC**.[11]

Dated June 26, 2026

/s/ Conner R. Tieszen
Frank A. Taylor, IA #AT0005489 / AT0016333
Conner R. Tieszen, IA #AT0014987

---

[11]   In its Resistance (ECF No. 63), JG Consulting asks the Court to grant it leave to amend the Amended TPC. JG Consulting could have voluntarily filed leave to amend the Amended TPC during the pendency of this Motion. Fed. R. Civ. P. 15(a)(1). The Court should not grant the request. JG Consulting has already had two bites of the pleading apple.

Aiyana M. Davis (admitted *Pro Hac Vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
90 S. 7th Street, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 428-5000
Facsimile:  (612) 428-5001
Email: Frank.Taylor@lewisbrisbois.com
Conner.Tieszen@lewisbrisbois.com
Aiyana.Davis@lewisbrisbois.com

*Attorneys for Baker-Eubanks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on June 26, 2026, a copy of the foregoing was electronically filed with the Clerk of Court. All parties of record registered with the CM/ECF filing system will receive notification of such filing through CM/ECF, and they will also be provided to the individuals listed below via electronic mail:

Thomas J. Joensen, AT0003868
Tyler R. Smith, AT0013123
Alexander G. Scanlon, AT0016158
Gordan Rees Scully Mansukhani
1701 Ruan Center
666 Grand Avenue
Telephone: (515) 204-2845
Fax: (515) 724-5801
tjoensen@grsm.com
trsmith@grsm.com
ascanlon@grsm.com

Joshua A. Romero
Sean F. Gallagher
Jackson Walker, LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: (512) 236-2000
Fax: (512) 236-2002
jromero@jw.com
sgallagher@jw.com

Mark W. Thomas, AT0007832
Benjamin T. Erickson, AT0012927
Grefe & Sidney, P.L.C.
500 E. Court Ave., Ste. 200
Des Moines, IA 50309
Telephone: 515/245-4300
Fax: 515/245-4452
mthomas@grefesidney.com
berickson@grefesidney.com
ascanlon@grsm.com

Katie L. Graham
Briana L. Long
Dana W. Hempy
Nyemaster Goode, P.C.
700 Walnut, Ste. 1300
Des Moines, IA 50309
Telephone: (515) 283-3100
Fax: (515) 283-8045
klgraham@nyemaster.com
bllong@nyemaster.com
dhempy@nyemaster.com

6

*Attorneys for Defendant/Third-Party Plaintiff*
*One-Fourth Consulting, LLC d/b/a JG*
*Consulting*

*Attorneys for Plaintiff/Counterclaim Defendant Des Moines Independent Community School District*

/s/ Conner R. Tieszen
Conner R. Tieszen