IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT, <br><br> Plaintiff, <br><br> v. <br><br> ONE-FOURTH CONSULTING, LLC, d/b/a JG CONSULTING, <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> BAKER-EUBANKS, INC., <br><br> Third-Party Defendant. | **No. 4:25-cv-00430-RGE-HCA** <br><br><br> **ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY DEFENDANT'S MOTION TO DISMISS** <br><br><br> **FILED UNDER SEAL** |

## I.    INTRODUCTION

Third-Party Plaintiff One-Fourth Consulting, LLC, doing business as JG Consulting, brings suit against Third-Party Defendant Baker-Eubanks, Inc. for contribution, negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing. JG Consulting's claims arise from a pre-employment background investigation completed by Baker-Eubanks on Des Moines Independent Community School District's superintendent candidate Ian Roberts. Baker-Eubanks moves to dismiss the claims alleged against it for failure to state a claim and moves to strike the portions of the third-party complaint referencing Baker-Eubanks, LLC. In the alternative, Baker-Eubanks moves for a more definite statement.

For the reasons set forth below, the Court grants in part and denies in part Baker-Eubanks's motion to dismiss. The Court grants Baker-Eubanks's motion to strike and strikes the portions of the third-party complaint referencing Baker-Eubanks, LLC. The Court denies Baker-Eubanks's alternative motion for a more definite statement. The Court also denies JG Consulting's request to

replead.

## II.    BACKGROUND

### A.    Factual Background

The Court accepts the facts alleged in the amended third-party complaint as true for the purpose of considering Baker-Eubanks's motion to dismiss. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). The Court also considers in its analysis of the motion to dismiss "matters incorporated by reference [in the third-party complaint] or integral to the claim, items subject to judicial notice, [and] matters of public record." *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 954 (8th Cir. 2007) (second alteration in original) (internal quotation marks and citation omitted). JG Consulting relies on the 2022 Employee Screening Master Service Agreement ("the Agreement") and 2023 Due Diligence for Executive Screening and Assessment ("the Assessment Terms") to establish the contractual relationship between JG Consulting and Baker-Eubanks. Am. Third-Party Compl. ¶¶ 12, 29–33, 35–36, ECF No. 37.[1] Because the Agreement and the Assessment Terms are incorporated into the third-party complaint, the Court considers the Agreement and the Assessment Terms to evaluate Baker-Eubanks's motion to dismiss.[2]

On or around January 3, 2023, the Des Moines Independent Community School District retained JG Consulting to assist in a search for a superintendent. *Id.* ¶ 13.

---

[1] JG Consulting also relies on a 2015 Letter of Agreement to establish the contractual relationship between JG Consulting and Baker-Eubanks. ECF No. 37 ¶ 12. The Court strikes references to the 2015 Letter of Agreement from the third-party complaint because it is an agreement between JG Consulting and Baker-Eubanks, LLC. Baker-Eubanks, LLC is not a party to the dispute. *See* discussion *infra* Section IV.A.

[2] Baker-Eubanks attached numerous additional documents to its motion to dismiss. Exs. Supp. Third-Party Def.'s Mot. Dismiss, ECF Nos. 55-2 to 55-13. The Court does not consider Kim Cockerham's affidavit, the proof of service notification, the background screening report, Conner Tieszen's declaration, emails between counsel, the press release, and the Des Moines Independent Community School District agreement to assess the motion to dismiss because they are not incorporated by reference into the third-party complaint. ECF Nos. 55-2, 55-5, 55-7 to 55-9, 55-11 to 55-12.

Pursuant to the Agreement and the Assessment Terms, Baker-Eubanks conducted a pre-employment background investigation for JG Consulting on the prospective superintendent candidates, including Ian Roberts. *Id.* ¶ 14. Baker-Eubanks identified Ian Roberts as a suitable candidate for the superintendent position. *Id.* ¶ 15.

In May 2023, the Des Moines Independent Community School District hired Roberts as its superintendent. *Id.* ¶ 16. In September 2025, Roberts was arrested by Immigration and Customs Enforcement and charged with making a false statement for employment and illegal possession of a firearm as a noncitizen. *Id.*

Baker-Eubanks is alleged to have "fail[ed] to identify, uncover, and disclose certain information, including but not limited to information pertaining to [Roberts's] immigration status and educational credentials, that may have affected the ultimate hiring decision." *Id.* ¶ 15.

Additional facts are set forth below as necessary.

### B.    Procedural Background

The Des Moines Independent Community School District brought breach of contract, negligent misrepresentation, negligence, and indemnification claims against JG Consulting in the Iowa District Court for Polk County. Pet., ECF No. 1-1. JG Consulting removed to this Court. Third-Party Pl.'s Notice Removal, ECF No. 1.

JG Consulting answered the complaint, alleged counterclaims against the Des Moines Independent Community School District, and filed a third-party complaint against Baker-Eubanks, LLC. Third-Party Pl.'s Answer, ECF No. 8; Third-Party Pl.'s Countercl., ECF No. 22; Third-Party Pl.'s Compl., ECF No. 23. JG Consulting then amended its third-party complaint to change the third-party defendant from Baker-Eubanks, LLC to Baker-Eubanks, Inc. ECF No. 37. JG Consulting alleges claims for contribution (Count 1), negligence (Count 2), breach of contract (Count 3), and breach of the implied covenant of good faith and fair dealing (Count 4) against

Baker-Eubanks, Inc. ECF No. 37 ¶¶ 21–39.[3]

Baker-Eubanks now moves to dismiss, or, in the alternative, moves for a more definite statement. Third-Party Def.'s Mot. Dismiss, ECF No. 55; Third-Party Def.'s Br. Supp. Mot. Dismiss, ECF No. 55-1. Baker-Eubanks also moves to strike references to Baker-Eubanks, LLC in the third-party complaint. *Id.* JG Consulting resists the motion to dismiss but does not resist the motion to strike. Third-Party Pl.'s Resist. Third-Party Def.'s Mot. Dismiss, ECF No. 63; *see* Hr'g Mins., ECF No. 68. JG Consulting also requests to replead. *Id.* at 13. Baker-Eubanks replies. Third-Party Def.'s Reply Supp. Mot. Dismiss, ECF No. 67.

The Court held a hearing in this matter on July 9, 2026. ECF No. 68. Having considered the parties' briefings and oral argument, the Court grants in part and denies in part Baker-Eubanks's motion to dismiss, grants Baker-Eubanks's motion to strike, and denies Baker-Eubanks' alternative motion for a more definite statement. The Court denies JG Consulting's request to replead.

## III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian,* 760 F.3d at 848 (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). The Court must accept as true all factual allegations in the complaint, but not its legal conclusions. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555–56).

---

[3] Unless otherwise noted, the Court uses "Baker-Eubanks" to refer to "Baker-Eubanks, Inc." throughout the Order.

A plausible claim for relief "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A plaintiff must "nudge[] their claims across the line from conceivable to plausible, [else] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a Rule 12(b)(6) motion to dismiss, a court's review is limited to the complaint, "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *United States ex rel. Ambrosecchia*, 855 F.3d at 954. Matters "outside the pleading" are not considered, including "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright, et al., Federal Practice and Procedure § 1366); *see also Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*, 300 F. Supp. 3d 1025, 1035 (S.D. Iowa 2017) (collecting cases).

## IV.   DISCUSSION

JG Consulting alleges claims of contribution, negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing against Baker-Eubanks. ECF No. 37 ¶¶ 21–39. Baker-Eubanks first moves to strike any references to Baker-Eubanks, LLC from the third-party complaint, including reference to the 2015 Agreement between JG Consulting and Baker-Eubanks, LLC. ECF No. 55-1 at 2. Baker-Eubanks also moves to dismiss for failure to state a claim, arguing JG Consulting fails to sufficiently plead the tort causes of action and relies on false allegations for the breach of contract claim. *Id.* at 10–19. In the alternative, Baker-Eubanks moves for a more definite statement. *Id.* at 4. In its resistance, JG Consulting requests to replead. ECF No. 63 at 13.

The Court first addresses Baker-Eubanks's unresisted motion to strike. Next, the Court

addresses Baker-Eubanks's motion to dismiss, or, in the alternative, motion for a more definite statement. The Court then addresses JG Consulting's request to replead.

### A.    Baker-Eubanks's Motion to Strike

Baker-Eubanks moves to strike "[a]ll allegations relating to Baker-Eubanks, LLC" and "[a]ny reference to 'The 2015 Letter Agreement [between Baker-Eubanks LLC and One-Fourth Consulting, LLC d/b/a JG Consulting]'" from the third-party complaint. ECF No. 55-1 at 2 (last alteration in original). Baker-Eubanks, LLC and the 2015 Agreement are not related to the party of interest in this matter, Baker-Eubanks, Inc. *See* ECF No. 68. At the motion hearing, JG Consulting agreed the Court should strike reference to Baker-Eubanks, LLC and the 2015 Agreement from the third-party complaint. *See id.*

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court finds references to Baker-Eubanks, LLC and the 2015 Agreement are immaterial to this matter, as the parties agree Baker-Eubanks, LLC is not related to Baker-Eubanks, Inc. *See* ECF No 55-1; ECF No. 68.

The Court grants Baker-Eubanks's unopposed motion to strike reference to Baker-Eubanks, LLC and the 2015 Agreement from the third-party complaint.

### B.    Baker-Eubanks's Motion to Dismiss

Baker-Eubanks moves to dismiss the third-party complaint for failure to state a claim, or, in the alternative, moves for a more definite statement. ECF No. 55. The Court addresses the negligence, contribution, breach of contract, and breach of the implied covenant of good faith and fair dealing claims respectively. The Court then addresses Baker-Eubanks's alternative motion for a more definite statement.

First, the Court briefly addresses the role of verity in its analysis at the motion to dismiss stage of proceedings. Baker-Eubanks variously argues, in its briefing and at the hearing, that the Court should assesses the truthfulness of JG Consulting's claims. *See* ECF No. 68; *see, e.g.,*

ECF No. 55-1 at 16 ("JG Consulting's allegations are false"), 17 ("[A]s detailed in the Factual Allegations [], Baker-Eubanks, Inc. conducted every background check, verification, and consumer report it was obligated to perform under the Contract."). The Court does not weigh evidence to evaluate whether the allegations alleged in the third-party complaint are true or false at this stage of the litigation. *Whitney v. Guys, Inc.,* 700 F.3d 1118, 1129 (8th Cir. 2012) ("The question for [the Court] to address at this preliminary stage is not whether [plaintiff] might at some later stage be able to prove [the claims]; the question is whether [plaintiff] has adequately asserted facts (as contrasted with naked legal conclusions) to support [the] claims.").

### 1. Negligence

Baker-Eubanks argues JG Consulting fails to state a claim for negligence because the third-party complaint does not sufficiently allege the elements of negligence and fails to allege damages other than pure economic losses. ECF No. 55-1 at 13–15. JG Consulting responds that the third-party complaint sufficiently states a claim because it "expressly sets out the elements of a negligence action." ECF No. 63 at 10. To succeed on a negligence claim, the third-party complaint must allege "existence of a duty to conform to a standard of conduct to protect others, failure to conform to that standard, proximate cause, and damages." *Marcus v. Young*, 538 N.W.2d 285, 288 (Iowa 1995).[4] In regard to damages, "[t]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Annett Holdings, Inc. v. Kum & Go, L.C.,* 801 N.W.2d 499, 503 (Iowa 2011) (alteration in original) (internal quotation marks and citation omitted) (explaining the economic loss rule).

The third-party complaint does not contain sufficient factual matter as to duty or damages

---

[4] The Court is sitting in diversity. The parties did not brief the choice of law analysis. At the hearing, the parties agreed Iowa law applies to the negligence and contribution claims. *See* ECF No. 68.

to state a claim for negligence. The third-party complaint alleges Baker-Eubanks "breached its duty to exercise reasonable care by failing to identify, uncover, and disclose certain information regarding Ian Roberts' background[,] . . . including but not limited to information pertaining to Mr. Roberts' immigration status and educational credentials." ECF No. 37 ¶ 26. In assessing the relationship between contractual and tort duties, the Iowa Supreme Court holds "[i]f a relation exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not." *Preferred Mktg. Assocs. Co. v. Hawkeye Nat. Life Ins. Co.,* 452 N.W.2d 389, 397 (Iowa 1990) (quoting W. Prosser, *Handbook of the Law of Torts* § 33 (1st ed. 1941)). The third-party complaint does not identify a duty that exists outside of the contractual agreement between the parties so as to sustain a tort claim. *See* ECF No. 37; *see also Merryman v. Iowa Beef Processors, Inc.,* 978 F.2d 443, 445 (8th Cir. 1992) ("[A]ny such duty must be of a specific, defined nature, and not simply the general duty of care owed to each member of society." (internal quotation marks and citation omitted)). At the hearing, JG Consulting acknowledged the duty alleged in the third-party complaint most likely arises from the contractual relationship. *See* ECF No. 68. The only duty relied upon for the purported negligence claim—to "identify, uncover, and disclose information" related to background checks—is not a duty that exists independent of the contractual relationship. ECF No. 37 ¶ 26; *cf. Preferred Mktg. Assocs. Co.,* 452 N.W.2d at 397. Therefore, no tort claim will lie.

Further, the third-party complaint solely alleges economic harm. *See* ECF No. 37 at 6 ("Defendant/Counterclaim Plaintiff/Third-Party Plaintiff One-Fourth Consulting, LLC respectfully request Third Party Defendant Baker-Eubanks, Inc. be held proportionally liable or responsible for damages, if any, awarded to Plaintiff Des Moines Independent Community School District, for negligence."). JG Consulting confirmed the third-party complaint seeks no damages other than the economic damages Des Moines Independent Community School District may succeed in obtaining against JG Consulting. *See* ECF No. 68. "[T]he economic loss rule bars

recovery in negligence when the plaintiff has suffered only economic loss." *Annett Holdings, Inc.,* 801 N.W.2d at 503.

Because the third-party complaint does not contain sufficient factual matter as to duty or damages to state a negligence claim, the Court grants Baker-Eubanks's motion to dismiss Count 2 of the third-party complaint.

### 2.    Contribution

Baker-Eubanks argues the third-party complaint fails to state a claim for contribution pursuant to Iowa Code § 668.5 because there is no common liability between Baker-Eubanks and the Des Moines Independent Community School District. ECF No. 55-1 at 10–12. Iowa Code § 668.5 reads, in relevant part, "[a] right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for the same injury, death, or harm, whether or not judgment has been recovered against all or any of them." Iowa Code § 668.5(1). "Iowa courts have construed section 668.5(1) to require the party seeking contribution to have common liability with the contributor. Common liability exists when the injured party has a legally cognizable remedy against both the party seeking contribution and the party from whom contribution is sought." *Grandstaff v. Hiner Equip., L.L.C.,* 96 F. Supp. 3d 919, 922 (S.D. Iowa 2015) (internal quotation marks and citation omitted) (dismissing third-party plaintiff's contribution claim because third-party plaintiff did not allege facts to show plaintiff could have brought a direct suit against third-party defendant). The third-party complaint does not identify facts to support common liability between the Des Moines Independent Community School District and Baker-Eubanks; there are no facts alleged to support the contention that Baker-Eubanks could be directly liable to the Des Moines Independent Community School District for its damages. *See generally* ECF No. 37. Therefore, the Court grants Baker-Eubanks's motion to dismiss the contribution claim, as set forth in Count 1 of the third-party complaint.

### 3. Breach of contract

Baker-Eubanks argues the third-party complaint does not state a claim for breach of contract because JG Consulting "fails to allege the specific provisions of the Contract" that Baker-Eubanks allegedly breached and fails to sufficiently allege damages. *Id.* at 15–18. To survive a motion to dismiss, the third-party complaint must allege "the existence of a contract between [the third-party] plaintiff and [third-party] defendant, the specific provisions breached, the facts constituting the breach, and the amount of damages resulting to [the third-party] plaintiff from such breach." *RGK, Inc. v. U.S. Fid. & Guar. Co.,* 235 S.E.2d 234, 238 (N.C. 1977) (internal quotation marks and citation omitted).[5] As to damages, a third-party plaintiff "is entitled to recover from the [third-party defendant] damages for . . . only such injuries as are the direct, natural, and proximate result of the breach or which, in the ordinary course of events, would likely result from a breach and can reasonably be said to have been foreseen, contemplated, or expected by the parties at the time when they made the contract as a probable or natural result of a breach." *McAdoo v. Univ. of N. Carolina at Chapel Hill,* 736 S.E.2d 811, 822 (N.C. Ct. App. 2013) (alteration in original) (internal quotation marks and citation omitted).

The third-party complaint sufficiently alleges a breach of contract claim. JG Consulting alleges Baker-Eubanks "was obligated to provide background checks, verifications and other consumer reports" pursuant to the contract, and Baker-Eubanks "breached the aforementioned written contract by failing to perform the agreed upon background checks, verifications and other consumer reports on candidate Ian Roberts." ECF No. 37 ¶ 30–31. This language mirrors the

---

[5] Under Iowa law, "the parties' intent as evinced in the choice-of-law provision [of a contract] controls." *John T. Jones Const. Co. v. Hoot Gen. Const. Co.,* 613 F.3d 778, 783 (8th Cir. 2010). The Agreement contains a choice of law provision indicating the contract "will be interpreted and enforced in accordance with the laws of the State of North Carolina, without reference to its conflict of laws." Cockerham Ex. A Supp. Third-Party Def.s' Mot. Dismiss 10, ECF No. 56-1. The parties agree North Carolina law applies to the breach of contract claim and related breach of the implied covenant of good faith and fair dealing claim. *See* ECF No. 55-1 at 15–16; ECF No. 68.

language of the Agreement: "Baker-Eubanks will provide background checks, verifications and other consumer reports to the Client." Cockerham Ex. A, ECF No. 56-1 at 1.

As to damages, JG Consulting requests Baker-Eubanks "be held proportionally liable or responsible for damages, if any, awarded to Plaintiff Des Moines Independent Community School District, for breach of contract . . . ." ECF No. 37 at 6–7. Because it is foreseeable and a natural result of the breach that a third party employer—here, the Des Moines Independent Community School District—would suffer damages based on Baker-Eubanks's purported failure to provide requisite background checks, verifications, and other consumer reports, the damages resulting from the breach of contract claim are adequately pleaded. *Cf. McAdoo,* 736 S.E.2d at 822. JG Consulting agreed at the hearing that the extent of permissible damages to be awarded on the breach of contract claim cannot exceed the amount of damages that Des Moines Independent Community School District is awarded on its breach of contract claim, in compliance with the requirement that damages flow from the "direct, natural, and proximate result of the breach." *Id.*; *see* ECF No. 68. The damages alleged are not so speculative as to preclude their recovery. *Cf. McAdoo,* 736 S.E.2d at 822 ("[S]peculative damages that cannot be calculated with reasonable certainty are not recoverable.").

The Court denies Baker-Eubanks's motion to dismiss the breach of contract claim, as set forth in Count 3 of the third-party complaint.

### 4.      Breach of the implied covenant of good faith and fair dealing

Baker-Eubanks acknowledges "[t]he North Carolina appellate court teaches that 'every contract contains an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement.'" ECF No. 55-1 at 18 (quoting *Cordaro v. Harrington Bank, FSB,* 817 S.E.2d 247, 256 (N.C. Ct. App. 2018)). However, Baker-Eubanks argues a claim for breach of the implied covenant of good faith and fair dealing cannot stand when the claim is based on the same acts underlying a breach of

contract claim. *Id.* at 18–19 (citing *Cordaro,* 817 S.E.2d at 256).

The Court finds Baker-Eubanks's reliance on *Cordaro* misplaced. In *Cordaro,* the express terms of a contract contradicted the duty alleged in the complaint, thereby destroying the breach of contract claim. 817 S.E.2d at 255–56. The *Cordaro* court dismissed the breach of the implied covenant of good faith and fair dealing claim as "part and parcel" of the breach of contract claim because "[t]he invalidity of [the] breach of contract claim on these facts is [] fatal to [the] claim for breach of the implied covenant of good faith and fair dealing." *Id.* at 256. In distinguishing *Cordaro* and reversing a district court's dismissal of a breach of the implied covenant of good faith and fair dealing claim, the Fourth Circuit stated,

> If a claim for breach of contract is precluded by express contractual provisions, a plaintiff should not be able to avoid those provisions by alleging the exact same conduct breached the implied covenant of good faith and fair dealing. Here, the district court did not determine that the express terms of any contract precluded [plaintiff's] breach of contract claim. In fact, it held [plaintiff] adequately pled a breach of contract claim. We do not interpret North Carolina law to mean that a claim for breach of the implied covenant of good faith and fair dealing is foreclosed where the implied duty is not contrary to an express provision of the contract.

*Nadendla v. WakeMed,* 24 F.4th 299, 307–08 (4th Cir. 2022). The Court finds the Fourth Circuit's analysis instructive. As discussed above, JG Consulting adequately pleaded a breach of contract claim; the express terms of the contract at issue here do not preclude a breach of contract claim. *See* discussion *supra* Section IV.B.3. Therefore, the related breach of the implied covenant of good faith and fair dealing claim is not foreclosed. *Cf. Nadendla,* 24 F.4th at 308 ("Breach of the implied covenant of good faith and fair dealing is a separate claim from breach of contract, and it is not subsumed into the latter when the express terms of the contract do not preclude the implied terms which the plaintiff claims were breached.").

The Court denies JG Consulting's motion to dismiss the breach of the implied covenant of good faith and fair dealing claim, as set forth in Count 4 of the third-party complaint.

**5.    Alternative motion for a more definite statement**

Federal Rule of Civil Procedure 12(e) provides "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A court granting a 12(e) motion "may insist that the plaintiff put forward specific, nonconclusory factual allegations that establish [the claims alleged] in order to survive a prediscovery motion for dismissal or summary judgment." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (internal quotation marks and citation omitted). "[A] motion for more definite statement is only proper when a party is unable to determine the issues [the party] must meet." *Innovative Dig. Equip., Inc. v. Quantum Tech., Inc.*, 597 F. Supp. 983, 988 (N.D. Ohio 1984) (citing *Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534 (D. Del. 1962)).

The third-party complaint is not "so vague or ambiguous that [Baker-Eubanks] cannot reasonably prepare a response." *Cf.* Fed. R. Civ. P. 12(e). The third-party complaint details the underlying factual foundation for the claims—Baker Eubanks's alleged failure to provide sufficient information to JG Consulting regarding the Des Moines Independent Community School District's superintendent candidate Ian Roberts—and the causes of action related to Baker Eubanks's purported nonperformance.

The Court denies Baker-Eubanks's alternative motion for a more definite statement.

**C.    JG Consulting's Request to Replead**

In its resistance, JG Consulting "requests the opportunity to replead its cause of action and/or provide a more definite statement" "should the Court deem the [third-party complaint] does not meet the applicable pleading standards." ECF No. 63 at 13. The request is denied.

JG Consulting has improperly combined its motion to amend with its resistance to Baker-Eubanks's motion to dismiss. *See* LR 7(e) ("A resistance to a motion may not include a separate motion or a cross-motion by the responding party. Any separate motion or cross-motion must be

filed separately as a new motion."). JG Consulting also fails to include a representation that counsel has conferred in good faith with counsel for the opposing party concerning the motion. *See* LR 7(k) ("All nondispositive motions [including motions to amend] must contain a representation that counsel for the moving party personally has conferred in good faith with counsel for all other parties . . . concerning the motion, and a statement of whether or not the other parties consent to the motion."). Further, JG Consulting has not provided specific information describing the changes sought with its request to replead, stating only it seeks to replead or provide a more definite statement. ECF No. 63 at 12; *see* LR 15 ("A party moving to amend or supplement a pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) [ ] must describe in the motion the changes sought.").

JG Consulting has not complied with the local rules in requesting to replead its third-party complaint. Without specific information about the changes sought by the proposed amendments, the Court cannot rule on their adequacy. Accordingly, JG Consulting's request to replead is denied.

## V.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Third-Party Defendant Baker-Eubanks, Inc.'s Motion to Dismiss, ECF No. 55, is **GRANTED in part** and **DENIED in part**. The motion to dismiss is granted as to the contribution (Count 1) and negligence (Count 2) claims. The motion to dismiss is denied as to the breach of contract (Count 3) and breach of the implied covenant of good faith and fair dealing (Count 4) claims.

**IT IS FURTHER ORDERED** that Third-Party Defendant Baker-Eubanks, Inc.'s motion to strike is **GRANTED**.

**IT IS FURTHER ORDERED** that Third-Party Defendant Baker-Eubanks, Inc.'s alternative request for a more definite statement is **DENIED**.

14

**IT IS FURTHER ORDERED** that Third-Party Plaintiff One-Fourth Consulting, LLC's request to replead, ECF No. 63, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of July, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

15